IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

HERBEY ARMENDARIZ,               )
                                 )
         Plaintiff,              )
                                 )
                                 )    CIV-10-850-M
v.                               )
                                 )
HARLEY G. LAPPIN, et al.,        )
                                 )
         Defendants.             )

## REPORT AND RECOMMENDATION

Plaintiff, a federal prisoner, has filed a Complaint pursuant to 42 U.S.C. § 1983, a Motion to Amend his Complaint, a Motion for Preliminary Injunction, and a "Motion to Amend Complaint: Correction and Add to Original Complaint under 42 U.S.C. Sec. 1983." In his Complaint filed August 6, 2010, Plaintiff has named Defendants Lappin, in his capacity as the Director of the United States Bureau of Prisons ("BOP"), and Ledezma, in his capacity as the Warden of the Federal Correctional Institution, El Reno, Oklahoma ("FCI El Reno"). In his motions seeking to amend the Complaint, Plaintiff names additional Defendants Rogalsky, Crabtree, Clayton, Grismer, Demens, and "other BOP prison officials not known," who are identified as federal correctional officials, and Defendants Briely and Zavin, who is identified as physicians employed by FCI El Reno. With his Complaint, Plaintiff filed an application for leave to proceed *in forma pauperis*. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C.

1

§636(b)(1)(B).

Having considered Plaintiff's application for leave to proceed *in forma pauperis*, the undersigned entered an Order Denying Leave to Proceed *In Forma Pauperis* and directing that on or before September 7, 2010, Plaintiff either pay the full filing fee of $350.00 or demonstrate imminent danger of serious physical injury as required by 28 U.S.C. § 1915(g), in light of Plaintiff's history of filing baseless and frivolous claims. Thereafter, Plaintiff filed a Motion for Reconsideration of the Order Denying Leave to Proceed *In Forma Pauperis*. By Order entered August 26, 2010, Plaintiff's Motion for Reconsideration was denied. In the August 26, 2010 Order, the undersigned found that Plaintiff had presented only vague allegations of a "denial of special medical needs" for his diabetic condition and he had failed to demonstrate an imminent danger of serious physical injury as required by 28 U.S.C. §1915(g).[1] Plaintiff was advised that on or before September 7, 2010, he was required to pay the full filing fee of $350.00 or, if he failed to pay the required filing fee, the undersigned would recommend the dismissal of this action.

To this date, Plaintiff has failed to pay the required $350.00 filing fee. Therefore, the undersigned recommends that the cause of action be dismissed for failure to comply with the Orders of this Court and failure to pay the required filing fee.

---

[1] To satisfy the "imminent danger" exception, a litigant must offer "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury. . . . Reliance on past injuries or harm, or offering vague or conclusory allegations, is insufficient. . . . In other words, the injury must be imminent or occurring at the time the complaint is filed." Davis v. Rice, No. 08-3164, 299 Fed. Appx. 834, 2008 WL 4891370, *1 (10th Cir. Nov. 13, 2008)(unpublished op.)(internal quotations and citations omitted), cert. denied, __ U.S. __, 129 S. Ct. 1989 (2009).

RECOMMENDATION

Based on the foregoing findings, it is recommended that the action be DISMISSED without prejudice due to Plaintiff's failure to comply with the Orders of the Court and failure to pay the required filing fee. Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by     September 29th      , 2010, in accordance with 28 U.S.C. § 636. The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this  9th  day of    September   , 2010.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE